UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD, | No. 2:16-cv-0955 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| ROBERT PUCKETT, SR., et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This proceeding was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"). Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING

Granting IFP status does end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting his complaint so

1

that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way).  See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim").  Forms are available to help pro se plaintiffs organize the complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

## II.  THE COMPLAINT

This is the second time in less than a year that plaintiff has filed a complaint in this court against Hornbrook Community Services District and others.  See Gifford v. Hornbrook Community Services District, 2:15-cv-1274 MCE AC (PS), ECF No. 1 (E.D. Cal. June 15, 2015) (complaint).  Like the complaint in the earlier case, the complaint here is exceedingly long, numbering 84 pages of allegations, plus 40 pages of exhibits.  Plaintiff's earlier complaint was dismissed on Rule 8 grounds, and the dismissal is currently on appeal.  Id. ECF Nos. 11 (district judge dismissal order), 14 (appeal).

## III.  ANALYSIS

The court finds that plaintiff's current complaint, like his earlier complaint, does not contain a short and plain statement as required by Rule 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's complaint plainly does not comply with Federal Rule 8(a)'s requirement of a "short and plain statement showing the plaintiff is entitled to relief."  See  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (refusing to permit plaintiff to file a 733-page complaint); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) ("the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action").

In addition, plaintiff's complaint is effectively un-answerable due to his use of "shotgun pleading." Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. See Harrell v. Hornbrook Cmty. Servs. Dist., 2015 WL 5329779 at *10, 2015 U.S. Dist. LEXIS 120869 at *27 (E.D. Cal. 2015) (Hollows, M.J.), adopted as modified, 2016 WL 1117752, 2016 U.S. Dist. LEXIS 37213 (E.D. Cal. 2016) (Mueller, J.). They are unacceptable. Federal pleading standards require that plaintiffs give the defendants a clear statement about what each defendant allegedly did wrong. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) ("Under Rule 8(a), the plaintiff must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (internal quotation marks omitted).

The court will grant plaintiff leave to file an amended complaint. The federal rules contemplate brevity. Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry, 84 F.3d at 1177 ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"). The amended complaint should contain separately numbered, clearly identified claims. In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.

Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.

Local Rule 220 requires that an amended complaint be complete in itself without reference to the prior complaint, or any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th

Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED;

2. Plaintiff's complaint (ECF No. 1), is DISMISSED; and

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of this court; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 26, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE