UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROGER GIFFORD,           | No. 2:16-cv-0955 TLN AC (PS) |
|--------------------------|------------------------------|
| Plaintiff,               |                              |
| v.                       | ORDER                        |
| ROBERT PUCKETT, SR., et al., |                          |
| Defendants.              |                              |

Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).

On May 26, 2016, the court dismissed plaintiff's original complaint under Fed. R. Civ. P. ("Rule") 8, and granted plaintiff leave to amend. ECF No. 3. Plaintiff then filed a First Amended Complaint ("FAC"). ECF No. 5. The FAC is nearly identical to the original complaint. It contains the same 84 pages of allegations, although it corrects a paragraph numbering error in the original complaint, omits the 40 pages of exhibits and includes a table of contents. See ECF No. 5. The court accordingly dismissed the FAC for the reasons set forth in the original dismissal order. ECF No. 6. Plaintiff was again granted leave to amend, and was ordered to limit his amended complaint to 25 pages. Id.

Plaintiff has declined to amend his complaint. Plaintiff has instead filed an "Objection," in which he has chosen to stand on the FAC as filed, and argues that his complaint satisfies

1

1 | Rule 8.  ECF No. 7; see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (where
2 | "plaintiff makes an affirmative *choice* not to amend, and clearly communicates that choice to the
3 | court, there has been no disobedience to a court's order to amend; as *Yourish* [*v. California*
4 | *Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999)] itself noted, the plaintiff has the right to stand on
5 | the pleading") (emphasis in text).  Plaintiff's arguments in favor of his FAC are addressed below.[1]

6 |       1.  Harrell v. Hornbrook Community Services District

7 |       Plaintiff points out that in Harrell v. Hornbrook Community Services District, 2:14-cv-
8 | 1595 KJM GGH, ECF No. 64 (E.D. Cal. June 9, 2016), the magistrate judge ordered defendants
9 | to answer the 164-page complaint filed by plaintiff Peter T. Harrell.  However, plaintiff omits the
10 | critical fact that Harrell's original complaint was 27 pages long, not 164.  Harrell, supra, ECF
11 | No. 1.  It was that 27-page complaint that was screened, and on the basis of the screening,
12 | summons was issued.  Harrell, supra, ECF No. 3.  By the time the Harrell complaint had exploded
13 | to 164 pages, the screening stage was over.  At that point, the court simply ordered defendants –
14 | who had already been brought into the case, and who had filed dismissal motions – to respond to
15 | the complaint, rather than, on its own, dive into the 164 pages to determine whether it should be
16 | dismissed sua sponte.

17 |       In contrast, Gifford's complaint here is still in the screening stage.  The question before
18 | this court is whether defendants should even be required to respond to the complaint under the
19 | screening procedure mandated by 28 U.S.C. § 1915(e)(2).  If the complaint fails to comply with
20 | Fed. R. Civ. P. 8, defendants will not be required to respond.

21 |       In any event, the Harrell court, in ruling on the motion to dismiss the amended complaint,
22 | specifically criticized the exact type of "shotgun" pleading that plaintiff engages in here.
23 | Specifically, plaintiff here pre-loads the complaint with 48 pages of allegations (100 paragraphs,
24 | plus 119 footnotes), and then "realleges and incorporates by reference all of the paragraphs
25 | above."  See, e.g., FAC at 49, text preceding ¶ 102.

---

[1] Plaintiff previously sued HCSD in this court.  See Gifford v. Hornbrook Community Services District, 2:15-cv-1274 MCE AC (E.D. Cal.).  That case was dismissed, without leave to amend, on Rule 8 grounds.  Id., ECF Nos. 9, 11.  The case is now on appeal.  See id., ECF No. 14.

2

    2. <u>The complaint's length</u>

Plaintiff argues that the court rejected his complaint because it is "simply too long." ECF No. 7 at 2. Plaintiff is correct that mere verbosity or length is not normally a basis for dismissing a complaint. See, e.g., <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1130 (9th Cir. 2008) (Rule 12(b)(6) dismissal of 81-page complaint where defendants argued only that "the complaint provides too much factual detail," was reversible error). However, the Ninth Circuit cases instruct that a complaint may not be "of unlimited length and opacity." <u>United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011) (affirming denial of motion to file a 733-page amended complaint, and collecting cases).

In any event, the court did not reject the FAC simply because it was too long. Rather, it rejected the FAC because it fails to give "fair notice," does not "state the elements of the claim plainly and succinctly," is "effectively un-answerable due his [plaintiff's] use of 'shotgun pleading,'" and fails to "give the defendants a clear statement about what each defendant allegedly did wrong." ECF No. 3. The extraordinary and unnecessary length and repetition of the FAC is a principal reason for all the failings the court noted, but it is not length alone that dooms the 84-page FAC.

Plaintiff argues that his "wordy" complaint "actually provides the Defendants with <u>more</u> notice than is required." ECF No. 7 at 4 (emphasis in text). However, proper "notice" is given by complying with the Rules governing pleadings, not by applying plaintiff's own notions of what "notice" means. Those rules call for a "*short* and *plain* statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) (emphases added). They call for each paragraph of the complaint to be "limited to a single set of circumstances," where possible. Rule 10(b). The FAC is not a short and plain statement. In addition, most of its paragraphs are not limited to a single set of circumstances. Instead, paragraph after lengthy paragraph of the FAC mix facts about multiple claims, legal conclusions and sometimes case-law citations, and are supplemented with footnotes that may, or may not, include more charging allegations.

As an example, the court has attempted to identify the claims against the first defendant, Robert Puckett, Sr. ("Puckett"). According to the complaint, Puckett is the President of the Board

3

1  of Directors ("the Board") of defendant Hornbrook Community Services District ("HCSD").
2  FAC at 4 ¶ 9. The paragraph which identifies Puckett as a defendant does not simply state who
3  he is and what position he holds. Rather, the 19-line single-sentence paragraph goes on to make
4  several different substantive allegations against Puckett. Specifically, it alleges that Puckett
5  conspired with the other Board members and others to: (1) hold "illegal" Board meetings;
6  (2) engage in conduct violating unspecified State laws; (3) engage in conduct violating
7  unspecified HCSD bylaws; (4) retaliate against plaintiff for his complaints to unspecified
8  government agencies and unspecified courts; and (5) deprive plaintiff of his right to petition the
9  government. Within the same sentence, plaintiff further alleges that Puckett: (6) wrongfully
10 diverted HCSD funds to other defendants; (7) waived past due accounts of certain, unspecified
11 persons; (8) failed to have his water meter read; and (9) produced fraudulent official documents.
12 Id. The paragraph also contains two footnotes, one of which defines what is meant by "illegal,"
13 and one of which seems to include charging allegations against other defendants. Id. ¶ 9 nn.11,
14 12.

15 　　　The main portion of the paragraph also contains charging allegations against other
16 defendants. Moving on through the complaint, it emerges that subsequent "identification"
17 paragraphs and footnotes, although bearing the names of other defendants, also appear to contain
18 charging allegations against Puckett. See, e.g. id. ¶¶ 21 n.28 (defendant Bowles), 46 (defendant
19 Crittenden), 52 (defendant Kirsher), 57 n.67 (defendant Winston).

20 　　　Accordingly, for Puckett to learn what the charges are against him, he must scour every
21 identification paragraph and footnote for his name, he must then figure out if the mention is a
22 charging allegation or simply background to the charges of another defendant. Puckett must then
23 scour every other paragraph and every footnote of the complaint to see if he is mentioned there,
24 and if those mentions are charging allegations or not. That is because only some of the "counts"
25 identify which defendants are involved.

26 　　　To his credit, plaintiff attempts to provide instructions on how to put this puzzle of a
27 complaint together:
28 ////

4

> In making out the following "Counts" against one or more Defendants in the First and Second Claims for Relief, Plaintiff, in addition to incorporating the factual allegations found in the preceding generalized sections and paragraphs, hereby specifically incorporates those Sections corresponding to each Defendant named in the specific Count. That is, if a Count lists "Puckett", then the reader should refer to Section II on page 4 for additional details of his conduct, and other factual allegations, that apply to the Count. If the Count lists the "HCSD", one would refer to Section VI at page 8, etc.

Id. ¶ 101. However, providing a key to unlocking this puzzle is not the same as writing a clear, short and plain statement of the claims. The allegations against a defendant must be clear to the defendant and to the court.

Worse, the key plaintiff provides to this puzzle would leave defendants unaware of allegations made against them. According to plaintiff, defendants need only "refer to the clearly-labeled section relating to them in the Complaint for the facts concerning the allegations made against them, and as which apply in any applicable 'count.'" ECF No. 7 at 5. However, if Puckett, for example, only looked to the "clearly-labeled section" relating to him, and then turned to the "counts," he would miss all the other references to him, and the possibly charging allegations made against him in the "clearly-labeled section[s]" relating to other defendants, the ones that pop up in footnotes, and those contained in introductory and "overview" sections. See, e.g., FAC ¶¶ 4 n.7, 19 (defendant Bowles), 21 & n.28 (same), 46 (defendant Crittenden), 52 (defendant Kirsher), 57 n.67 (defendant Winston), 77 n.90 ("Overview"), 78 n.93 (same), 80 & n.98 (same), 82 n.103 (same), 90-92 (same), 97 n.116 ("Civil Conspiracy").

Indeed, plaintiff appears to have buried entire claims in the footnotes. See, e.g., FAC ¶¶ 16 n.23 ("HCSD's water production, treatment and distribution equipment … does not meet the requirements of the Act"), 20 n.26 ("Plaintiff asserts, on information and belief, that the extra money was a 'payoff' to Dingman …"), 78 n.93 ("assignment of executive … power to Puckett" and others, "would violate the provisions of the Brown Act").

Plaintiff complains that it is not his fault that so many defendants have wronged him over such a long period of time. ECF No. 7 at 6. The fault, however, lies not in the number of defendants, but in plaintiff's habit of over-long, repetitive pleading. The "Jurisdiction" section,

for example, spans four pages, even though jurisdiction could be alleged in one simple paragraph. See FAC ¶¶ 1-8. The paragraphs of the complaint that should only be identifying the parties, instead span 28 pages of identification, substantive allegations, footnotes, website links, statutory citations, and case citations. See id. ¶¶ 9-72. Moreover, many of the lengthy substantive allegations are repeated, nearly verbatim, for each defendant, even where they are each alleged to be part of the same conspiracy, engaging in the same conduct. See, e.g., id. ¶¶ 9 (alleging that the conspirators – Board Members, and defendant Winston – held illegal meetings), 11 (same conspirators held the same illegal meetings), 12 (same), 13 (same).[2]

### 3. The merits of the complaint

Plaintiff argues that the court should analyze the complaint on the merits rather than dismissing it on Rule 8 grounds. ECF No. 7 at 7-9. The problem with this argument, as it applies to the FAC, is that untangling this complaint would require the court to "waste[] half a day in chambers preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996). Even after doing so, the court could not be confident that its understanding of the case is the same as plaintiff's.

For example, the court's analysis of one of the First Amendment claims against Puckett is that Puckett conspired with others to hold "illegal" meetings on matters where public hearings were required. See Complaint ¶ 102. However, the only basis for plaintiff's claim that the meetings are "illegal" is that they violate state law governing the conduct of public hearings. See Complaint ¶ 9 n.10 ("[t]hat is, the meetings were held in violation of the Brown Act and/or the HCSD Bylaws, and that actions taken at the meetings also violated the Brown Act, other State laws, and/or the HCSD Bylaws …"). If the court's view of the complaint is correct, then this portion of plaintiff's First Amendment claim would likely be dismissed on the merits, as a violation of state law, by itself, does not amount to a Section 1983 claim. See Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on

////

---

[2] Paragraphs 12 and 13 omit Winston as a co-conspirator, but this appears to be merely a typographical omission, as the paragraphs are referring to the same allegedly illegal meetings.

their own, give rise to liability under § 1983") (citing Lovell ex rel. Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996)).

However, the court is reluctant to decide this claim – or any of the claims in the FAC – on the merits. The confusing nature of the complaint, especially the sprinkling of defendants' names throughout the complaint, the incorporation of unrelated allegations into plaintiff's many "counts," the burying of facts and claims in the footnotes, and the sheer volume of factual and conclusory allegations, leaves the court without confidence that its view of the facts underlying plaintiff's First Amendment claim, or any other claim, is complete. In other words, the FAC forces the court and the defendants to guess at what is being alleged against whom. See McHenry, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

### 4. Issuing summons

Plaintiff argues that the court should issue process and have the complaint and summons served, regardless of problems with the complaint. He argues that defendants might choose to waive the defects or they might settle the case, and that the court "should not presume to act for the defendant." ECF No. 7 at 10. Plaintiff further argues that issuing process "would either assure that adversarial parties would be present on appeal, or provide a more secure ground for disposition of the complaint on appeal." Id. at 11.

In fact, plaintiff is proceeding in this action "in forma pauperis" under 28 U.S.C. § 1915. Under that statute, the court *is* required to act for the defendants by protecting them from having to respond to frivolous and harassing lawsuits. See Crawford-El v. Britton, 523 U.S. 574, 600 (1998) ("federal trial judges are undoubtedly familiar with two additional tools that are available in extreme cases to protect public officials from undue harassment," one of which is 28 U.S.C. § 1915(e)(2), which authorizes dismissal 'at any time' of *in forma pauperis* suits that are 'frivolous or malicious'"). The court cannot carry out this statutory mandate, where, as here, the complaint presents a lengthy, confused jumble of facts, legal conclusions, footnotes and case citations, rather than a short and plain statement showing plaintiff's entitlement to relief.

5. Amending the complaint

Plaintiff will therefore be afforded another opportunity to amend his complaint. Plaintiff is again cautioned that his complaint must contain a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way). See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Forms are available to help pro se plaintiffs organize the complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

6. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of this court.

    a. **The amended complaint must not exceed 25 pages in length.** Plaintiff shall not evade the page requirement by using small type or otherwise failing to comply with Local Rule 130 (general format of documents), or by placing allegations in attachments or exhibits, or by any other means.

    b. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

    c. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: August 24, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE