1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

ROGER GIFFORD,

No.  2:16-cv-0955 KJM GGH

12

Plaintiff,

13

v.

FINDINGS AND RECOMMENDATIONS

14

ROBERT PUCKETT SR., et al.,

15

Defendants.

16

17          This matter is a *second* case filed by plaintiff Roger Gifford alleging various claims

18    against several defendants, some common to both actions, principal among which is the

19    Hornbrook Community Services District (District).  See 2:15-cv-1274 MCE AC PS.  The

20    additional defendants are various members of the District's Board, lawyers who have represented

21    the District and its board members in this case as well as a related case -- Harrell v. Hornbrook

22    Community Services District, et al., 2:14-cv-1595 KJM GGH.

23          This Order will address the history of the both the present and the earlier case and for the

24    reasons stated herein will recommend that the matter be dismissed with prejudice pursuant to *res*

25    *judicata*, in part, Federal Rules of Civil Procedure 8, 41(b) and 12(b)(6) because, of its internal

26    deficiencies, and because it fails to address the orders and warnings given in connection with the

27    earlier case that led to its dismissal on those grounds.

28    ////

*PROCEDURAL HISTORY*[1]

**6/15/15        A verified complaint is filed in** <u>**Gifford v. Hornbrook, etc.,**</u> **Civ. 2:15-1274 is filed and alleges several Claims as follows:**

**First Claim, Count 1, for violations of plaintiff's federal constitutional rights to freedom and speech and petition; Count II, for deprivation of rights to free speech and petition due process and equal protection of the laws' Count III, for rights to due process and equal protection; Count IV, for deprivation of rights to equal protection, due process and liberty; Count V, for deprivation of rights to equal protection due process of law, and first amended right of petition; Count VI, for deprivation of rights to due process and equal protection related to Gifts of District public funds; Count VII, for violation of rights to due process, equal protection, free speech and petition, and liberty interests; and, Count VIII, for deprivations of right to due process and equal protection – gifts of public funds to Clint Dingman.**

**Second Claim:  Pendent State Claims:  Count 1, for violations of District by-laws; Count II, for willful negligence, negligence; Count III, Violations of Government Code sections 1090 and 87100 – Self Dealing; Count IV, Retaliation in Employment; Count V, Failure to Indemnify Public Employee; Count VI, violation of the Public Records Act; Count VIII, gifts of public funds false claims and fraud as to Clint Dingman; Count IX, for violation of Article I, section 2, of the California Constitution; Count X – Unfair Business Practices as to Robert Winston, California Business and Professions Code section 17200 et seq; Count XI, Unfair Business Practices as to HCBC [defendant Hornbrook Community Bible Church] (alleged to have resulted in violations of the California Water Code and the federal Safe Drinking Water Act); Count XII, Unfair Business Practices as to Murphy, Pearson, Bradley & Feeney, Inc. and Attorney Robert Lucas; Count XIII, for civil**

---

[1]  The chronological procedural histories of both the instant matter and its predecessor, <u>Gifford v. Hornbrook Community Services District, et al.</u>, Civ. 2:15-cv- 1274 MCE-AC will be included here.  This exercise is necessary to demonstrate the burden the case has wrought on both the court and the defendants' pocketbooks and therefore becomes necessary as context for the recommendation this court will make to dismiss this case.  To distinguish between the two cases, the referenced pleadings in the earlier case appear in bold-faced type.

conspiracy by defendants to violate plaintiff's constitutional and statutory rights and in retaliation; Count XIV, for Willful and/or Negligent Infliction of Emotional Distress; Count XV, for California Labor Law Violations; Count XVI for nuisance; Count XVII, for violations of the contractual covenant of good faith and fair dealing; Count XVIII, for Punitive Damages.

Each of the foregoing incorporates "facts"[2] stated in paragraphs 1 through 189 and 191.

Plaintiff prays for damages, both compensatory and punitive, declaratory relief, disgorgement of attorney fees paid to defendant attorneys and gifts of public funds, attorneys' fees, mandates to disclose recipients of gifts of public funds, to require Board members to engage an engineering firm to determine proper water delivery fees, to employ certified operators of all district facilities, to provide plaintiff with unrestricted access to all District equipment, property, facilities and all books and records it maintains; a declaration that defendant Dingman is an uncertified operator and thus a nuisance per se and as such he must cease any operational activities and enforcement of that cessation by injunction, and injunctions prohibiting refusing to provide keys to all District locks to plaintiff and all other directors, preventing defendants and those acting in concert with them from operating the District facilities until they acquire licenses and from acting outside federal state or local law, disallowing Board Defendants from undertaking administrative duties of officers and employees, mandating Board Defendants to abide by District by-laws,  and declarations of each act previously taken by the Board defendants in violation of the Broad Act, the District Bylaws and any other law identified in the Complaint and identifying all such actions to be *ultra vires* and void.

Altogether this Complaint ran to 114 pages and was accompanied by 219 pages of attachment exhibits.  ECF No. 1.

////

---

[2]  The "facts" purportedly stated are often better described as legal conclusions.

9/22/15        Magistrate Judge Clair grants plaintiff IFP status and dismisses the complaint pursuant to Federal Rule of Civil Procedure 8 and based upon its "shotgun pleading" nature, explaining actions must be taken to bring the complaint within the scope of the dictates of Rule 8 and the Local Rules of the District.  Plaintiff is given 30 days to amend if he chooses to do so.  ECF No. 3.

1/21/16        After being given two 90 day extensions of time to replead, ECF Nos. 5, 7, plaintiff files his First Amended Complaint.  This amendment runs to 143 pages plus a 3 page Table of Contents, but has no accompanying Attachments or Exhibits.  ECF No 8.

1/26/16        Magistrate Judge Claire issues Findings and Recommendations recommending the Amended Complaint be dismissed without leave to amend for a continuing violation of Rule 8 and replication of the first "shotgun pleading."  The Order finds that plaintiff has acted in bad faith, has repeated to fail to cure deficiencies by the amendment allowed, has prejudiced the defendants by his actions, and concludes that further amendment would be futile.  ECF No. 9.

2/12/16        Plaintiff files objections to the Magistrate Judge's Findings and Recommendations on the grounds, *inter alia,* that the court has misread the requirements of Rule 8, violated the holdings of <u>Twombly</u> and <u>Iqbal</u>, overlooked the complexity of the issues he has raised which prevents a "short and plain" presentation, and failed to meaningfully assess the complaint as a whole.  ECF No. 10.

3/30/16        District Judge adopts Findings and Recommendations, ECF No. 9, dismisses Amended Complaint without leave to amend, and orders the file closed.  ECF No. 11.

4/21/16        Plaintiff files a Notice of Appeal.  ECF No. 13, and seeks in forma pauperis status in appellate court.  ECF Nos. 13, 15.

5/5/16        Plaintiff files the Complaint in the instant matter, Civ. 2:16-cv-955, containing 85 pages of allegations and 40 pages of exhibits, ECF No. 1, and seeks in forma pauperis status.  ECF Nos. 2.  The Complaint, attempting to state claims that have been dismissed against the District, et. al., and otherwise, sets forth the following claims:

4

First Claim, Count I – Violations of rights to freedom of assembly, speech and petition; Count II – Deprivations of rights to equal protection and due process; Count III – Deprivations of rights to equal protection due process and First Amendment rights; Count IV – Deprivations of due process and equal protection for gifts of public funds to named parties; Count V – Deprivations of rights to due process and equal protection for gifts of public funds to defendant Clint Dingman; Count VI – Deprivations of due process and equal protection for illegal modification to and ignoring of District by-laws by ; Count VII – Violation of 42 U.S.C. section 1985; Count VIII – Violation of rights to due process, equal protection by defendants District, Bowles, Winston, Dingman and Goff; Count IX – Violation of due process and equal protection by defendants Board, Dingman and Goff.

Second Claim, Count 1 – Violation of State Law for failing to follow by-laws; Count II – Willful Negligence and Negligence; Count III – Gifts of Public Funds; Count IV – Gifts of Public Funds, False Claims and Fraud against defendant Dingman; Count V – Gifts of Public Funds to defendants Ernest Goff and Julie Bowles through false claims; Count VI – Gifts of Public Funds to John Does; Count VII – Violation of Article 1, section 3, of the California Constitution; Count VIII – Violation of Article 1 section 2 of the California Constitution; Count IX – Unfair Business Practices by Julie Bowles and Board defendants; Count X – Nuisance and Nuisance Per se by Dingman and Goff; Count XI – Failure to Impose Standby Fee and Collect Due Fees and Taxes; Count XIII – Unfair Business Practices by Robert Winston and Board defendants; Count XIV – Unfair Business Practices and False Claims by Robert Winston; Count XV – Neligence by Robert Winston and Board defendants; Count XVI – Unfair Business Practices by the District; Count XVII – Willful and/or Negligent Infliction of Emotional Distress; Count XVIII – Nuisance by Board Defendants, Dingman and Goff; Count XIX – Official Acts of Board Defendants are Void; Count XX – Improperly Unbilled Fees and Charges (gifts of public funds);  Count XXI – Waste of Public Funds; Count XII  Violation of the California Public Records Act.

The prayer seeks declarations of rights, general, special, economic and exemplary damages, disgorgement of wrongfully attained payments; disgorgement of gifts of public funds; attorney fees and costs of suit; mandate disclosure of recipients of public funds; restitution of

losses incurred by the District; mandate a study by a public engineering firm re reasonable, compliance with Water Code provisions, funding of necessary maintenance and repairs, hiring of properly qualified and certified employees and mandate all directors be given unrestricted access to District equipment, facilities, documents and records; declaration re effect of failure to comply with the California Public Records Act and mandate future compliance, and expunge prior void policies, customs and practices of the District; several preliminary injunctions to restrict the actions of defendants including prevention of lawyer defendants from representing District or its employees and agents without a specific resolution adopted at a public meeting that, taken together, would have the impact of a granting a receivership over the District.  ECF No. 1.

5/26/16        Magistrate Judge Claire grants informa pauperis status in Civ. 2:16-cv-955 and dismisses the Complaint with thirty days leave to amend again citing to the requirements of Rule 8, the Local Rules of the District, and the "shotgun pleading" approach used by plaintiff, ECF No. 3.

6/15/16        Plaintiff files objections to ECF No. 3, citing Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).[3]  ECF No. 7.

Plaintiff files First Amended Complaint.

6/20/16        Magistrate Judge dismisses First Amended Complaint with 30 days leave to amend with Rule 8 instructions repeated, and limits any amendment to 25 pages

8/24/16        Magistrate Judge enters an Order granting plaintiff 30 days from date of issuance to file an amended complaint not to exceed 25 pages, directs it be in the proper form under Local Rule 130, and cannot incorporate attachments or exhibits as a means to expanding beyond the page limit.  ECF No. 8.

9/12/16        Plaintiff files objections to Order, ECF No. 8, arguing the page limit imposed is arbitrary and the Order did not assess the sufficiency of the claims *per se*, failed to

---

[3]  Plaintiff interprets Swierkiewicz to stand for the proposition that length, complexity, repetitiveness, and the like cannot be a basis for dismissal.  Actually, the case overrules a 2nd Circuit requirement that a plaintiff must plead in accordance with the evidentiary structure found in the Court's holding in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), instead iterating the standard to be used to judge a complaint is found in Rule 8's call for a "short and plain" pleading.

identify what could be stricken as "unnecessary," and cites to <u>Davis v. Ruby Foods, Inc.</u>, 269

F.3d 818 (7th Cir. 2001)[4] which held that the mere inclusion of some extraneous material in a

complaint is not sufficient to merit dismissal.  ECF No. 9.

      9/20/16          Plaintiff requests withdrawal of IFP status and pays filing fee.  ECF No.

10.

      **10/3/16**        **Ninth Circuit Court of Appeals issues an Order dismissing the appeal**

**in 2:15-cv-1274 for failure to file the opening brief on appeal.  ECF No. 18.**

      12/5/16          Magistrate Judge Claire issues an Order withdrawing IFP status and

directing that plaintiff must file a Second Amended Complaint within 30 days of the date of the

Order.  ECF No. 11.

      **5/17/17**        **Ninth Circuit Court of Appeals issues a memorandum ordering the**

**decision of the District Court in 2:15-cv-1274 is affirmed.  ECF No. 19.[5]**

      **6/8/17**          **Ninth Circuit Court of Appeals issues a formal mandate regarding**

**Appeal pursuant to Federal Rule of Appellate Procedure 41(a).**

      12/29/16        Plaintiff moves for a 30 day extension of time to file a Second Amended

Complaint ECF No. 12, which motion is granted on 12/29/16.  ECF No. 13.

      2/1/17          Second Amended Complaint of 148 pages filed.  ECF No. 14.

      3/21/17        Motion to Dismiss by defendants Bowles, Dingman, District, Puckett,

Slote, by attorney Salazar raises failure to obey the Order of 6/26/16 directing amendment not to

exceed 25 pages, and failure to state a claim insofar as claims are not tied to facts sufficient to

demonstrate any permissible action in any rational way.  ECF No. 28.

                        Motion to Dismiss by Hornbrook Community Bible Church, Inc. in which

defendant's attorney Salazar mirrors grounds found in ECF No. 28.  ECF 32.

---

[4]  Plaintiff fails to note that the <u>Davis</u> court identified the pleading under to review to be 20 pages
long and distinguished it from a 3rd circuit case that dismissed a complaint containing 240 pages
on the same grounds used to dismiss plaintiff's complaint here, finding it exceptional compared to
the complaint it was addressing.  269 F.3d at 821.

[5]  The undersigned is confused why, having dismissed the appeal for failure to file an opening
brief and having the dismissal stand as the mandate of the court, the Ninth Circuit, without
reopening the appeal, issued a substantive decision on the merits of the district court's dismissal.

Motions to Dismiss in ECF Nos. 28 and 36 joined by defendant Ernest Goff, pro se.  ECF No. 34.

3/22/17        Plaintiff requests Entry of Default against District, Martin Puckett and Slote.  ECF No. 38.

3/24/17        Request for Entry of Default, ECF No. 38, declined.  ECF No. 39.

3/27/17        Plaintiff requests Entry of Default against Hornbrook Community Bible Church, Inc.  ECF No. 44.

3/29/17        Under the caption for Harrell v. Hornbrook Community Services District, et al., 2:14-1595 KJM GGH, District Judge Mueller enters an order that reassigns this case to herself and to the undersigned, and dismisses the Harrell case with leave to amend in 25 pages or less.  ECF No. 45.

3/29/17        Motion to Dismiss by attorney defendants Kirsher, Winston & Boston, L.C. and Robert Winston filed by attorney Sommer.  ECF No. 46.

3/30/17        Plaintiff moves for a 60 day extension of time to file an opposition to the Motions to Dismiss and seeks permission for early discovery.  ECF No. 48.

3/31/17        Plaintiff request for Entry of Default against Lee Buckley, Robert Winston, and Kirsher, Winston & Boston, LLC.  ECF. 52.

Hearing on Motion to Dismiss scheduled for 5/18/17 at 10:00 a.m. reset for 9:00 a.m.  ECF N. 49.

4/3/17        Request for Entry of Default against Hornbrook Community Bible Church, Inc., ECF No. 44, declined.  EC No. 51.

Request for Entry of Default against Kirshner, Winston & Boston, LLC and Robert Winston, ECF declined.  ECF No. 54.

4/6/17        Letter from plaintiff to Clerk of the Court questioning whether a hearing was ever noticed for 5/18/17, claiming no notice.  ECF No. 56.

Plaintiff files Opposition to Hornbrook Community Services District's Motion to Dismiss.  ECF No. 57.

////

4/7/17  Magistrate Judge Hollows' Order denies extension of time to respond to Motion to Dismiss for mootness as no operative complaint exists, and denies request for early discovery.  ECF No. 55.

Plaintiff Objects to Judge Mueller's Order of March 29, 2017 on grounds it is factually incorrect, opines that assignment to the undersigned Magistrate Judge is prejudicial to him in light of Orders entered in the related Harrell case and asks that her Order be withdrawn. ECF No. 59.

4/10/17  Basic Laboratory, Inc. files a Joinder in the Motion to Dismiss filed by District, Puckett, Slote, Bowles and Dingman, ECF No. 28.  ECF No. 58.

4/12/17  Plaintiff requests 60 day extension of time to Oppose Kirsher, Winston & Boston, LC and Robert Winston Motion to Dismiss.  ECF No. 60.

Plaintiff requests reconsideration of  Order entered on 4/7/17 on the ground that Judge Mueller's Order in ECF No. 45, having been entered under the Harrell caption, did not bind him, and that Magistrate Claire's imposition of a page limitation no longer applied.  ECF. 61.

4/25/17  Motion to Dismiss found in ECF No. 33 is vacated from Magistrate Claire's 4/26/17 calendar and if parties seek to reschedule they should contact Judge Hollows' Courtroom Deputy in light of the assignment change ordered by Judge Mueller on 3/29/17.

5/2/17  Magistrate Judge issues an Order to Show Cause why plaintiff should not be sanctioned for failing to follow the District Judge's Order of March 29 2017, ECF No. 45, to file a Third Amended Complaint no later than April 28, 2017.  ECF No. 63.

5/19/17  District Judge Mueller denies plaintiff's Motion to Reconsider, ECF No. 61, and clarifies that Judge Claire's 25 page-limit on any amended complaint was preserved in ECF Nos. 10 and 11.  ECF No. 74.

Plaintiff responds to the Order to Show Cause, repeats arguments found in ECF No. 74, and clearly states, at page 6, lines 7 through page 7, line 1, that he refuses to amend his Second Amended Complaint and chooses instead to stand on that pleading.  ECF No. 65.

////

5/25/17      Plaintiff files Objections to and seeks Reconsideration of the Order found in ECF No. 74. Here, he discloses his belief that once he withdrew from IFP status, the magistrate judge was no longer either required or entitled to require the brevity which she had ordered earlier in the case and that she indicated her belief this was true in her withdrawal order which gave him more time to amend and pointed out that such was appropriate since he was no longer proceeding IFP. EC No. 66.

6/2/17      Judge Mueller overrules plaintiff's objections and warns that future unauthorized filings may result in sanctions, including dismissal. ECF No. 67.

*DISCUSSION*

This duplicative case has been on the court's docket for a year and three months at this point, and it is no closer to resolution today than it was on the day if was filed. The docket shows 68 entries which reflect significantly more activity requiring the attention of the court and the parties than is normally seen at this point in a litigation. Today, there is no litigable complaint on file. Defendants have filed multiple Motions to Dismiss, surely at no small expense. Plaintiff has objected to every action taken by the court, no matter how de minimus, requiring multiple orders to be written only to draw another round of the same circular movement of paperwork. The time has come to address a means of bringing this matter to a conclusion.

The court has considered three possible potential analytic models in addressing this case:

(1)      *Res judicata* implications of the first filed complaint with regard to the present one;

(2)      Applicability of Federal Rules of Civil Procedure 41(b) based on the contumaciousness of plaintiff, and his failure to accept the court's Orders regarding application of Rule 8 standards; and

(3)      Applicability of Rule 12(b)(6) and how it could or should be applied in this case.

A.      <u>*Res Judicata*</u>

Because of the fact that many of the claims and a majority of the defendants sued for and by plaintiff in both this case and 2:15-cv-01274 KJM GGH are one and the same, the court must

10

consider whether entry of the first matter upon dismissal with prejudice, and exhaustion of plaintiff's appeal rights, dictates that this matter should be dismissed under the doctrine of *res judicata*. The Supreme Court has adopted the view that application of *res judicata* serves the "public policy [that] dictate[s] that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and, that matters once tried shall be considered forever settled as between the parties." Federated Department Stores, Inc. v., Moitie, 452 U.S. 394, (1981) *quoting* Baldwin v. Traveling Men's Assn., 283 U.S. 522, 525 (1981). And even in cases where the party that lost in the trial court failed to appeal, or as in this case failed to pursue an appeal once filed, so long as the party made a calculated choice to act as it did, even a suspect trial ruling will be upheld under the doctrine in service to the public policy. Id. at 401. The Ninth Circuit has concurred in this philosophy of rigid enforcement of the doctrine. In Main v. HEW, Health Care Financing Agency 769 F.2d 590, 594 (9th Cir. 1985) the court held that a party who does not appeal, or as in this case fails to perfect his appeal, has "accepted the court's final rejection of is claims in one instance without appealing, [and] he can claim no fairness requirement that he be allowed to continue to litigate the same claims in a different courtroom."

Neither should a trial court, such as this one, shrink from enforcement of the policy because of the waiver, either express or by silence, of the defense. Rather it may, and perhaps should, in an appropriate case raise the bar on its own motion. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 232 (1995) *citing* Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833. 851 (1986). See also Bragg v. Flint Brd of Education, 570 F.3d 775, 777 (6th Cir. 2009); Simmons v. Chatham Nursing Home, 93 F.Supp.2d 1265, 1267 (S.D.Ga. 2000).

Further, the doctrine applies in those cases that are dismissed before the merits of the action are reached such as is the case here. In In re Schimmels, 127 F3d. 874, 884 (9th Cir. 1997), the Ninth Circuit clearly held that in the context of a similar dismissal under Rule 41(b), *res judiciata* applied insofar as "[a]n involuntary dismissal generally acts as a judgment on the merits for purposes of *res judicata* regardless of whether the dismissal result from a *procedural* error or from the court's considered examination of the plaintiff's substantive claims." (Emphasis added.) Even if the dismissal under 41(b) was said to be "without leave to amend," rather than under the

11

more decisive sounding term "with prejudice," the Circuit has held that the dismissal is presumed to be with prejudice unless otherwise stated for purposes of applying *res judicata*. Stewart v. U.S. Bancorp, 297 F.3d 953 956 (9th Cir. 2002). This court therefor determines that if the doctrine of *res judicata* is applicable in this case it must be applied to dismiss the matter, at least with respect to the defendants in the previous case who are defendants in this case.

*Res judicata* dictates dismissal of claims previously litigated to a dismissal on the merits, as well as *claims that could have been brought* in the original complaint. See Whole Woman's Health v. Hellerstedt, ___ U.S. ___, 136 S.Ct. 2292, 2303 (2016) *citing* Whole Womens Health v. Cole 790 F.3d 453 (*per curiam)* modified 790 F.3d 598, (5th Cir. 2015). The elements necessary to establish *res judicata* are "(1) an identity of claims (2) a final judgment on the merits, and (3) privity between the parties." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 (9th Cir. 2006). Therefore, in order to determine which defendants would be protected by the application of the doctrine and which wouldn't due to an absence of the "privity" requirement of the doctrine would require that the new plaintiffs who were not sued in the first complaint be shown to have been jeopardized by the retrying of the claims of the first complaint against them thus entitling them to protection through the application of *res judicata*.

"Privity" covers several relationships. Of greatest applicability here is the privity that "has been found where there is a "substantial identify" between the party and nonparty." In re Schimmels, 127 F.3d 874, 881 (9th Cir. 1997). The test is whether all of the parties to the instant parties were either parties, or were intended by all concerned to be constrained by the ultimate judgment in the action. Nevada v. U.S., 463 U.S. 11, 120 (1983). See also U.S. v. ITT Rayonier, Inc., 627 F.2d 995, 1001 (9th Cir. 1980)(bar as to prosecution of successive partners), id. at1003, (or bearing a relationship "of substantial identity" to earlier party) *citing* Chicago, R.I. & P. R. Co. v. Schendel, 270 U.S. 611 621 (1980). Establishing "privity" in this case would, therefore, engage the court in a prolonged analysis of the individual defendants sued in this case and those sued in the original case to determine the degree of relationship each bears to the earlier named defendants who are not named in the 2015 complaint.

////

1    Assessing the applicability of this doctrine under the remainder of the standard in the

2    present case is somewhat difficult given the verbosity and organization of the plaintiff's

3    complaints in the two cases.  Nonetheless, it is clear that there is significant overlap in the

4    substance of the two Complaints disclosed in the captions, each of which identifies the overall

5    claims being brought.  In the original Complaint the actions are characterized as "Action at Law

6    for Civil Rights Violations; Violations of Federal Safe drinking Water Act and Clean Water Act;

7    Pendent State Claims," and "Request[s] for Preliminary and Permanent Injunctions; Declaratory

8    Relief."  2:15-cv-01274-MCE-AC.  In the newer Complaint the actions are characterized

9    substantially identically, except the second action adds a claim for relief pursuant to the Fair

10   Labor Standards Act in addition to those listed above.  2:16-cv-965-KJM-GGH.

11       Thus, on its face, with the caveats discussed below, the two complaints share an identity

12   of claims, and again, claims which could have been brought in the original case but weren't are

13   barred by *res judicata* as well.  However, the present complaint dates many of its claims, but not

14   all, from December 4, 2015, which post-dates the filing of the first action by several months.  *Res*

15   *judicata* could not apply to "new" claims no matter how similar to the old claims, i.e, these claims

16   could not have been brought in the earlier action.  Accordingly, *res judicata* will only apply to

17   those claims which were or could have been brought as of the filing date of the first action—June

18   15, 2015.

19       Further, although there is clearly an overlap of some parties to the two actions, not all

20   defendants that appear in the 2015 complaint are named in the 2016 complaint.  Based on the

21   statements of plaintiff in his objections to this court's prior orders, the Board membership

22   changed between the first action and the present one, and the court can also see that he has added

23   lawyers who have taken on responsibilities with regard to various defendants that were not sued

24   in the first case and apparently eliminated lawyers who represented now abandoned defendants.

25       The defendants common to both actions are the Hornbrook Community Services District,

26   Hanson, Winston, Bowles, Dingman, Goff, Hornbrook Community Bible Church, Crittenden, and

27   the law firm Murphy, Pearson, etc.  Because the matter of *res judicata* is being raised sua sponte

28   by the court, and due to the lack of facts on record, the undersigned will not attempt to determine

if the uncommon defendants in the second action could bring a *res judicata* argument based on privity of parties. Accordingly, *res judicata* is limited to the defendants common to both actions.

In this case, especially when comparing plaintiff Gifford's pleadings, with those of another "disgruntled ex-employee of the district, Peter T. Harrell, see docket in Harrell v. Hornbrook Community Services District, 2:14-c-01595 KJM GGH, still pending, one is left with a deep conviction that these two plaintiffs are working together to destroy this District although to what end can only be speculated. Perhaps they hope to be the saviors who pick up the pieces after the dust of their twin litigations clears, and then they can run the District as they believe it should be run. Comparing both the optics and the content of the two sets of complaints shows a remarkable, almost carbon copy, likeness between the claims made by these plaintiffs, the format they use, and the arguments they make. And, both of them are equally committed to ignore the Rules laid out by this court and Magistrate Judge Allison Claire who was responsible for rulings in this case before it was related to the undersigned to the point of insisting that these Rules are not being properly interpreted. In any event, the feeling of collusion that is raised by these similarities cannot be ignored.

Accordingly, to the extent that plaintiff's claims in his second action pre-date June 15, 2015, and are applicable to the parties listed as common to both actions, *res judicata* bars plaintiff's second action.

B.      *Federal Rule of Civil Procedure 41(b)*

Analyzing the complaint purely under Rule 41(b), there are more than sufficient grounds to dismiss the Second Amended Complaint with prejudice under the Rule. The court previously ordered plaintiff to reduce his complaint to 25 pages, and plaintiff has refused to do so. The discussion starts, however, with an iteration of the reasons why plaintiff was ordered to limit his complaint to 25 pages.

In McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) the Circuit Court affirmed a dismissal under Federal Rules 8, 12 and 41 after plaintiff had been given three opportunities to draft a complaint that comported to the foregoing Rules as they had been explained in prior court orders dismissing with leave to amend. 84 F.3d at 1176. The issue there was the massive inclusion of

irrelevant factual information in a complaint that was prolix and confusing but not nearly as egregiously so as the one being analyzed here. The original complaint in <u>McHenry</u> was thirty-five pages long but was never served. Instead it was preplaced by an Amended Complaint that was thirty-seven pages long and was "mostly an extended narrative of the details of the various activities of plaintiff McHenry," and failed to distinguish between defendants who played roles in each of his two claims for relief and included conspiracy allegations involving numerous players in Mr. McHenry's drama. <u>Id.</u> at 1174. The trial court dismissed this complaint with instructions regarding the content of any second amended complaint. <u>Id.</u> at 1175. The second amended complaint "contained identically argumentative and prolix allegations which now required fifty-three pages to complete and "mixed allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way." <u>Id.</u> at 1175. The trial court gave plaintiff one more chance to formulate a satisfactory complaint this time suggesting he would be "well advised to edit or eliminate [the] twenty-six page introduction and focus on linking . . . factual allegations to actual legal claims. The purpose of the court system is not after all, to provide a forum for storytelling or political griping, but to resolve legal disputes." <u>Id.</u> at 1176. Mr. McHenry, however, eschewed the court's advice and filed a third amended complaint which "still read[] like a magazine story instead of a traditional complaint," and the pleading now stretched to fifty-three pages. <u>Id.</u> After receiving analysis from a magistrate judge the court finally dismissed this last effort without leave to amend under Rule 41(b) for plaintiff's violation of its last order. <u>Id.</u> at 1177.

Many courts have followed the reasoning of <u>McHenry</u> to rid the system of complaints like the instant one.[6] In <u>Polk v. Beard</u>, 2014 WL 4765611 (C.D.Cal. June 20, 2014), the Central District of California was faced with a situation similar to the one here in that each time a new pleading was filed it exceeded the one before it , <u>id.</u> at *1-3, with little or no attention paid to the orders of the court, <u>id.</u> at *4, and, after applying the standard set out in <u>Ferdick v. Bonzelet</u>, 963

---

[6] <u>See</u> headnote 8 to the <u>McHenry</u> case which reflects that 286 cases have cited the opinion regarding the obligation of the court to consider the rights of litigants awaiting their turn to have their matters heard in a situation such as the one addressed here.

F.2d 1258-1250-1261 (9th Cir. 1992), which will be discussed below, dismissed the complaint with prejudice, noting that "judges are not like pigs hunting for truffles buried in briefs." Id. at *5, *quoting* U.S v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)(*per curiam).*[7] In Gottschalk v. City and County of San Francisco, 964 F.Supp. 2d 1147 (N.D.Cal. 2013), the court dealt with a complaint that violated Rule 8 insofar as it consisted of incomprehensible rambling, id. at 1154, largely conclusionary allegations and generalized political grievances or conspiracy. Id. at 1155. While the undersigned acknowledges that sheer length of a complaint standing alone may not warrant the dismissal of a complaint under McHenry, and the Ninth Circuit so held in Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131 (9th Cir. 2008), where the complaint was characterized as "intelligible" and "logically organized," albeit overly detailed, id, it has also acknowledged that it has not held and knows "of no authority supporting the proposition—that a pleading may be of unlimited length and opacity." Carfasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011)(distinguishing Hearns). In so acting, the Court pointed to the fact that the amended complaint in Carfasso ran to 733 pages, nine times longer than the 81 page complaint in Hearns, thus providing the district court with "ample discretion" to deny further amendment. Id. at 1059.

Accordingly, there was more than sufficient justification for ordering the limitation of pages as directed by the court addressing this matter. Nevertheless, the justification of the prior limitation order is not the end of the analysis. Several factors need to be considered before dismissal of a case for failure to obey court orders. An application of the Ferdick, supra, standards easily supports the dismissal of this Complaint. 963 F.2d at 1261.

1.      The Public's Interest in Expeditious Resolution of Litigation

This interest would not be compromised if the court exercised its inherent power to dismiss this case that has been through two iterations spanning a year and continues to incorporate over 100 paragraphs of precatory facts into each of the 27 Counts of the first action and the 31 Counts of the second. How the court and the parties are to structure discovery

---

[7] The Ninth Circuit very recently affirmed the dismissal in an unpublished decision found at 2017 WL 2839502 (9th Cir. July 3, 2017).

16

proceedings that will clarify the application of facts to law in a reasonable way, especially in light of plaintiff's adamant refusal even to attempt to truncate the seemingly endless pleading now on file, is an unreasonable requirement for the undersigned, even with its 28 years of experience on the bench, unreasonable to any judge and presumably unreasonable to any opposing attorney. This element, therefore, supports the court's determination to dismiss the Second Amended Complaint with prejudice under Rule 41(b).

2.    The Court's Need to Manage its Docket

The docket sheet in this case as produced 20 filings by the parties and the court in the fourteen months it has been pending, and is still in the pleading phase and 68 docket entries overall. None of the various briefs and arguments that have ensued have been successful in moving the case even to the point where it is at issue and can begin to be prepared for trial. Many other litigants compete for the court's attention in order to reach "the just, speedy and inexpensive determination of every action and proceeding" that Federal Rule of Civil Procedure 1 makes clear is the point of the federal system. Plaintiff's goal, on the other hand, seems exactly the opposite of that purpose insofar as he has moved through a series of actions that appear designed to make it ever more impossible to reach that goal.[8] This element favors the court's inclination to dismiss with prejudice.

3.    The Risk of Prejudice to the Defendants

There is no risk of prejudice to defendants should this case be dismissed with prejudice. As the procedural history of the case demonstrates, they have briefed both iterations of this case multiple times getting nothing for their efforts but another expenditure of resources. This element favors the court's inclination to recommend dismissal without leave to amend, and with prejudice.

4.    The Public Policy Favoring Disposition of Cases on Their Merits

Obviously, the action the court contemplates would arrest this case short of resolution on the merits, but should not weigh heavily enough to deny the application of that action. The chances of this case reaching disposition in any estimable amount of time is, given its posture

---

[8] Exemplary of this tactic is the fact that each attorney who appears in these matters ultimately ends up with being named as a defendant or subjected to motions to disqualify.

17

now and the obvious stubbornness and contumacious behavior of the plaintiff, are abundantly clear, i.e., there is no realistic chance of reaching the true merits of this lawsuit whatever they are.

### 5. The Availability of Less Drastic Alternatives

The less drastic alternative available here is to dismiss the complaint without prejudice and allow plaintiff to amend one more time. However, if this were required it is obvious at this point that the amended complaint would not be Rule 8 compliant nor comply with the court order limiting the complaint to 25 pages. Moreover, Plaintiff has made clear in his objections to various of the court's rulings that he would not amend even if given the opportunity, for he has chosen to stand on the present complaint on the ground that the court does not correctly interpret Rule 8, is prejudiced against *pro se* plaintiffs, and is generally focused on getting rid of such plaintiffs at every opportunity. Thus, the normal less drastic alternative is not available here, nor is it appropriate at this juncture in any event.

Although this court believes that Rule 41(b) is the best basis for dismissing this Complaint without leave to amend and with prejudice as it not only gets the case to the appellate court to resolve finally, but it also makes clear to those who write complaints that they *must* follow the Rules to proceed with litigation and they must obey court orders. On the other hand, the Ninth Circuit has made a recent ruling that suggests the matter should be resolved pursuant to Rule 12(b)(6).

*C.* *Federal Rule of Civil Procedure 12(b)(6)*

As did Mr. Harrell earlier, see Case 2:14-cv-01595 KJM GGH, Docket entry ECF No. 148 at 9:22-11:7, plaintiff here has elected to "stand on his complaint." ECF No. 66:18-23. In so doing he cites Edwards v. Marin Park, Inc., 356 F.3d 1058 (9th Cir. 2004).

The Ninth Circuit Court of Appeals addressed the issue of whether a complainant whose Complaint was dismissed without prejudice could nonetheless appeal the Order in Lopez v. City of Needles, Cal., 95 F.3d 20 (9th Cir. 1996). In Lopez the plaintiff's complaint had been dismissed with leave to amend and plaintiff filed an appeal of the decision. 95 F.3d at 22. The court held that whereas "[o]rdinarily an order dismissing a complaint but not dismissing the action is not appealable under section 1291 the [appellant] is not required to amend in order to preserve his

right to appeal" and could render the Order immediately appealable if she "files in writing a notice of intent not to file an amended complaint." Id. Whereas Lopez did not give such a written notice leading to dismissal of her appeal for lack of jurisdiction, plaintiff here has given such notice in writing.

In WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)(en banc), the court again made clear that a plaintiff who had his complaint dismissed with leave to amend could not immediately appeal that decision since it was not final, but if "a plaintiff files in writing a notice of intent not to file an amended complaint, . . . filing of such a notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, [an order] that is clearly appealable." 104 F.3d at 1135 *quoting* Lopez. The case cited by plaintiff, Edwards, *supra*, iterated this holding stating that a plaintiff "may obtain an appealable final judgment by 'fil[ing] in writing a notice of intent not to file an amended complaint.'" 356 F.3d at 1064.

Thus, when a plaintiff clearly communicates his choice to stand on his complaint he has not disobeyed the court's Order in such a way as to invite a Rule 41(b) dismissal, but he has transformed the court's threat of dismissal for disobedience of its order into a "final, appealable judgment." Id. at 1064. In so holding the court noted that there is more than a formal difference between a dismissal under Rule 41(b) and one under Rule 12(b)(6) insofar as the former is deemed a sanction for disobedience while the latter "carries no such stigma," but permits appellate review directly upon the question of whether the plaintiff has stated a claim upon which relief can be granted. Id. at 1065.

There is some question in the undersigned's mind whether Edwards, *et al*, fit the situation here. In that case cited for the proposition of permitting appeal in the pleading stage, the plaintiff had received a ruling on the merits of the claims albeit some of the claims had been dismissed for failure to allege facts with specificity, but because of the perceived error of law on the merits, plaintiff was desirous of receiving a final ruling on the legal issues from the court of appeal. Here, plaintiff contests not dismissal of his claims on the merits but rather the Magistrate Judge's and the District Judge's conclusions that the Second Amended Complaint was a hopeless mish-

mash of verbose narrative and prolix claims which were entwined with the narrative, including some of the many footnotes, and ordering that he limit his pleading to a succinct 25 pages – a procedural ruling and not a ruling on the legal merits of the claims. It is difficult to conceive that such becomes a determination that specific claims lacked a legal basis -- a point at which this court has been unable to arrive. The point of the previous dismissal with leave to amend was that the prolixity denied defendants a fair opportunity to identify and respond to the claims.

But perhaps the rule conundrum is now a distinction without a difference. If plaintiff receives a Rule 41 final dismissal, it is appealable; if he receives a Rule 12 (b) dismissal, it is appealable. Although the standards for review of the different dismissals differ, the facts and rulings germane to the appeal do not change simply because a different rule number is applied to decide them in this court.

## CONCLUSION

But for the plaintiff's invocation of <u>Edwards</u>, et al., this court has no doubt that the contumacious behavior of plaintiff would meet all the criteria for a Rule 41(b) dismissal. <u>Edwards</u>, however, may require a dismissal pursuant to Rule 12(b)(6) which will allow the Ninth Circuit to review the entirety of the record and determine whether plaintiff may proceed with this litigation. The best way to resolve this case is, therefore, to issue alternate rulings with respect to a Rule 41(b) and Rule 12(b)(6) dismissal.

In light of the foregoing, IT IS HEREBY FOUND AND RECOMMENDED that:

1.     The Second Amended Complaint be dismissed on *res judicata* grounds to the extent that the claims therein pre-date June 15, 2015, and are stated against the defendants common to both actions identified previously;

2.     Plaintiff's Second Amended complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); or, in the alternative, that:

3.     Plaintiff's Second Amended complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

4.     The Clerk of the Court should close this file.

////

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: August 17, 2017

<u>/s/ Gregory G. Hollows</u><br>
UNITED STATES MAGISTRATE JUDGE